BEA, Circuit Judge,
concurring in the judgment:
I concur in the majority’s holding that the district court correctly dismissed this case for lack of subject matter jurisdiction. I write separately, however, because I agree with Judge Gould that the definition of agency in Doe v. Holy See, 557 F.3d 1066 (9th Cir.2009) — a case concerning the tortious act exception to the Foreign Sovereign Immunities Act (FSIA) — need not be extended to the question of agency in cases concerning the commercial activity exception. This court’s decision in Sun v. Taiwan, 201 F.3d 1105 (9th Cir.2000) permits us to decide the case more narrowly, while assuming arguendo that an agency relationship exists between Rail Pass Experts (Experts), Eurail, and OBB Personenverkehr (OBB) which serves to impute the acts and omissions of Experts to OBB. I would affirm the district court on the basis that Sachs fails to allege facts sufficient to give rise to jurisdiction under Sun.
The FSIA provides immunity to foreign states in any action “in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.” 28 U.S.C. § 1605(a)(2). Sachs bases her claim of subject matter jurisdiction exclusively on the first clause of the commercial activity exception, so the relevant question in this appeal is whether her action “is based upon a commercial activity carried on in the United States by the foreign state.”
In Sun, the Suns brought a wrongful death action against the Taiwanese government, a foreign sovereign, after their *1030 son drowned at a Taiwanese beach with claimed tricky tides, while on a trip sponsored by the Taiwanese government and advertised in the United States. 201 F.3d at 1106-07. This court held that the FSIA barred the Suns’ tort claim because the claim was not “based on” the marketing and ticket sales for the tour, the commercial activity carried on by Taiwan in the United States. Id. at 1109. The court held that the commercial activity exception does not apply if (1) the claim alleges negligence that occurred entirely in a foreign country, or (2) the claim alleges failure to warn and not negligent misrepresentation. Id. at 1109-10 & n. 2. To allege a negligent misrepresentation claim that could confer jurisdiction, the plaintiff must show a nexus between failure to warn and commercial activity that occurred in the United States, id. at 1110, for example, by alleging failure to warn on a ticket sold in the United States or in a United States advertisement. Neither was alleged in Sun, until the Suns changed their theory of the case in their appellate brief. Id. The Sun panel noted this change, and it remanded the case to the district court for consideration of the Suns’ amended negligent misrepresentation claim based on commercial activity which took place in the United States. Id.
Sachs does not allege facts sufficient to give rise to jurisdiction under Sun. Sachs’s first set of claims — that OBB Personenverkehr (OBB) negligently moved the train, provided an unsafe place to board the rail car, failed to supervise boarding, negligently failed to stop the train, and breached various warranties— are all allegations of negligence that, for aught that appears, occurred entirely in Austria. Although Sachs does not state where these duties were violated, the only plausible reading of her complaint is that such acts and omissions took place in Austria. See Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (reviewing courts must draw on common sense to determine whether a claim for relief is “plausible”).
Sachs’s remaining claim is based on OBB’s alleged failure to warn about the gap between the platform and the rail cars. This claim is stated broadly enough to constitute a claim of negligent misrepresentation, but the requisite nexus to an alleged act or omission in the United States is lacking. The court in Sun expressly distinguished a failure to warn claim from a negligent misrepresentation claim, defining the latter as an affirmative duty to disclose “known information concerning prospective dangers.” 201 F.3d at 1110 n. 2. Sachs’ complaint does not allege OBB negligently misrepresented its services by breaching a duty to disclose knowledge of the dangerous train platform conditions in the United States at the point of sale of train tickets. Instead, she alleges that there was commercial activity in the United States — OBB’s advertising and sale of Eurail passes, both directly and through its agents Eurail and Rail Pass Experts — and then separately alleges that she should have been warned about the gap in the platform. To qualify as a negligent misrepresentation claim sufficient to confer jurisdiction under the FSIA under Sun, Sachs’s complaint would have to allege that OBB should have disclosed, on the ticket delivered in the United States, in their advertisements broadcast in the United States, or in some other manner in the United States, of the known dangers of the gap. The facts as pleaded are insufficient to invoke jurisdiction under the FSIA.
I would deny Sachs leave to amend her complaint. As noted above, the Sun court remanded that case to allow the district court to review whether the Suns’ new claim of negligent misrepresentation was *1031 based on commercial activity in the United States because the Suns “changed their theory of the case in their appellate briefs” from failure to warn in Taiwan, to negligent misrepresentation in the United States. 201 F.3d at 1110. Specifically, the Suns alleged they should have been warned in the advertising done by the Taiwanese government in the United States of the known danger of the treacherous tides at the Taiwanese beach. Id. Sachs, conversely, neither changes her theory of the case in her briefs on file to allege negligent misrepresentation in the United States of the dangerous train platform conditions in Austria, under Sun, nor requests leave to amend for this purpose, despite prior amendment, and multiple briefs filed in district court.[1]

. Sachs did request leave to amend to plead facts that would show that the actions of Rail Pass Experts should be imputed to OBB. Had she requested leave to amend to allege that her claim is based on acts or omissions in the United States, this would be a much harder case. However, local rules require that a request for leave to amend must be accompanied by the proposed pleading, and Sachs proposed no amendment that would allege her claim is based on acts or omissions in the United States. N.D. Cal. R. 10-1.